

2009 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

1-13-2009

# Yates v. Painter

Precedential or Non-Precedential: Non-Precedential

Docket No. 06-3302

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2009

Recommended Citation

"Yates v. Painter" (2009). *2009 Decisions*. Paper 2054.
http://digitalcommons.law.villanova.edu/thirdcircuit_2009/2054

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2009 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS FOR THE THIRD CIRCUIT

———

No. 06-3302

———

BASIL ALLAH YATES,
Appellant

v.

RODNEY V. PAINTER, Lieutenant of Security @ SCI Smithfield;
ROBERT MORRIS, Hearing Examiner @ SCI Smithfield; JOHN
PALAKOVICH, Superintendent @ SCI-Smithfield; DEBORAH PATTON,
Corrections Counselor @ SCI-Smithfield; LITCHARD, Correctional Officer
@ SCI-Camp Hill; STUBBS, Correctional Officer @ SCI-Camp Hill;
ROBERT BILOUS, Unit Manager @ SCI-Camp Hill;
DONALD KELCHNER, Superintendent @ SCI-Camp Hill; EUGENE J.
BRANNINGAN, Deputy Superintendent @ SCI-Camp Hill;
Z. MOSLAK, Hearing Examiner @ SCI-Camp Hill; SHARON BURKS,
Department of Corrections Chief Grievance Officer; DONALD WILLIAMSON,
Dept. of Corr. Diagnostic & Classification Coordinator; ROBERT BITNER,
Department of Corrections Chief Hearing Examiner

———

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil No. 05-cv-01723)
District Judge: Hon. William J. Nealon

———

Submitted Under Third Circuit LAR 34.1(a)
January 12, 2009

Before: SLOVITER and BARRY, Circuit Judges, and
POLLAK[*], District Judge

———

[*] Hon. Louis H. Pollak, Senior Judge, United States District
Court for the Eastern District of Pennsylvania, sitting by

_____

OPINION

SLOVITER, Circuit Judge.

Basil Allah Yates, an inmate at the State Correctional Institution, Camp Hill, Pennsylvania ("SCI-Camp Hill"), appeals the District Court's dismissal of his claim, brought under 42 U.S.C. § 1983, against Pennsylvania prison officials for alleged violations of his rights under the Religious Land Use and Institutionalized Persons Act of 2000 ("RLUIPA") and his constitutional rights under the First and Fourteenth Amendments. The parties agree that this court's intervening decision in Washington v. Klem, 497 F.3d 272 (3d Cir. 2007), requires remand of this case.

## I.

On November 3, 2005, Yates filed a pro se amended complaint under 42 U.S.C. § 1983 against prison officials at the Pennsylvania Department of Corrections; the State Correctional Institution, Smithfield, Pennsylvania ("SCI-Smithfield"); and SCI-Camp Hill (together, "Appellees"). Yates alleges that Appellees violated his rights under RLUIPA and the Free Exercise Clause by allegedly confiscating Nation of Islam ("NOI") materials that he is required to read and study as part of his religion, violated his First Amendment

_____

designation.

rights by retaliating against him for practicing NOI and possessing NOI materials, violated his "First Amendment right to access the courts by confiscating his legal materials and . . . violated his Fourteenth Amendment due process rights by failing to follow proper prison procedures in confiscating his personal property." Appellant's Br. at 2-3. Yates seeks declaratory and injunctive relief, punitive damages in the amount of $50,000 from each defendant, compensatory damages in the amount of $10,000 each from selected defendants, a jury trial, and costs. Because the parties are familiar with the underlying facts, we do not discuss them here.

On November 15, 2005, Appellees filed a motion to dismiss under Fed. R. Civ. P. 12(b)(6), claiming that Yates failed to allege facts sufficient to state a claim under 42 U.S.C. § 1983, and Yates filed a motion to supplement his amended complaint. On June 9, 2006, the District Court granted Appellees' motion to dismiss, denied Yates' motion to supplement his complaint, and stated that any appeal from these orders would be deemed frivolous.

Yates timely filed a notice of appeal on July 7, 2006, and this court appointed pro bono counsel on March 28, 2008.[1]

---

[1] We express our appreciation to Thomas S. Jones, John P. Miller and Stephanie D. Taylor of the Pittsburgh office of JONES DAY for undertaking that representation.

3

**II.**

Our review of a dismissal of a complaint under Fed. R. Civ. P. 12(b)(6) is plenary. Stevenson v. Carroll, 495 F.3d 62, 65 (3d Cir. 2007).[2] Yates initially sought reversal of the District Court decision, arguing that (1) his allegations stated a claim for violations of RLUIPA and the Free Exercise Clause; (2) the District Court erred by analyzing his claims under a legal standard that was inappropriate for a motion to dismiss; (3) his allegations stated a claim for retaliation against him in violation of his First Amendment rights; (4) his allegations stated claims for other violations under the First and Fourteenth Amendments; and (5) the District Court erred in not giving Yates, a pro se plaintiff, an opportunity to amend before dismissing his complaint.

Under RLUIPA, Yates must show that prison officials imposed a "substantial burden" on his exercise of religion. See 42 U.S.C. § 2000cc-1(a). In Washington v. Klem, which was decided after Yates filed his notice of appeal, we held that:

> For the purposes of RLUIPA, a substantial burden exists where: 1) a follower is forced to choose between following the precepts of his religion and forfeiting benefits otherwise generally available to other inmates versus abandoning one of the precepts of his religion in order to receive a benefit; OR 2) the government puts substantial pressure on an adherent to substantially modify his behavior and to violate his beliefs.

497 F.3d at 280. Moreover, in Washington we held that limiting an inmate's access to the

---

[2] The District Court had jurisdiction under 28 U.S.C. § 1331, and we have jurisdiction under 28 U.S.C. § 1291.

4

religious literature that he is required to read as part of his practice constitutes a substantial burden on his religious exercise. Id. at 282-83.

Citing Washington, Yates argues that he has alleged facts sufficient to establish RLUIPA and Free Exercise violations, and Appellees concede that, "given the Court's intervening decision in Washington, they cannot make a good faith argument in support of the decision below or otherwise oppose the relief sought by Mr. Yates at this stage of the proceedings." Appellees' Br. at 4. Therefore, Appellees request that we vacate the judgment of the District Court and remand this case for proceedings consistent with Washington. Appellees also acknowledge that, on remand, Yates should have the opportunity to amend his complaint and proceed with discovery. See Appellees' Br. at 4 n.2. In his reply brief, Yates notes that Appellees do not address the other issues that Yates raised, but agrees with the Appellees' proposed disposition of this appeal, and requests that the District Court judgment be vacated in its entirety. In light of our decision in Washington, we agree with both parties that remand is appropriate.

## III.

For the above-stated reasons, we will vacate the judgment of the District Court and remand this case for proceedings consistent with our decision in Washington.